THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARTH DUSTIN YAGER, Defendant-Appellant.

Fourth District   No. 4—83—0092

Opinion filed November 15, 1984.—Rehearing denied December 13, 1984.

Daniel D. Yuhas and Jonathan Haile, both of State Appellate Defender's Office, of Springfield, for appellant.

Nancy Owen, State's Attorney, of Charleston (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

We have withheld our decision in this case pending the decision of the supreme court in the case of *People v. Dace* (1984), 104 Ill. 2d 96. That decision is the latest in the evolving doctrine whereby an accused is entitled, under certain circumstances, to have the question of the accused's guilt as to an uncharged lesser offense submitted to the jury. There, in two consolidated cases, defendants were charged with residential burglary with the intent to commit theft. (Ill. Rev. Stat. 1981, ch. 38, par. 19—3.) The evidence in each was sufficient to support a conviction of both theft and residential burglary. The supreme court held that the trial courts erred in refusing (1) to submit to the jury the question of whether the accuseds had committed the offense of theft, and (2) to instruct the jury accordingly.

In the instant case, after a trial by jury in the circuit court of Coles County, defendant, Garth Dustin Yager, was convicted on November 16, 1982, of the offense of residential burglary. On January 26, 1983, he was sentenced to a term of four years' imprisonment and ordered to pay the sum of $1,235 as restitution to the victims of the burglary. Defendant has appealed, contending that (1) as in *Dace*, the trial court

erred in refusing to submit the issue of his guilt of the offense of theft to the jury, and (2) the court erred in entering the order for restitution.

Prior to *Dace*, the law had been uncertain with reference to the right of an accused to have submitted to the trier of fact the question of the guilt of the accused to an uncharged offense which carries a lesser punishment than the charged offense. The various theories applied or suggested have been thoroughly explained in *Dace* and in *People v. Mays* (1982), 91 Ill. 2d 251, 437 N.E.2d 633. Three tests for determining whether the submission should be made were discussed in *Mays*. They are (1) whether in the abstract the uncharged offense is statutorily defined as an included offense of the charged offense as so defined (see Ill. Rev. Stat. 1983, ch. 38, par. 2—9); (2) whether the uncharged offense is an included offense of the charged offense as that offense is set forth in the charging instrument; and (3) the so-called "inherent relationship" test. The supreme court approved the second test in *People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189. Thus, under the precedent existing at the time of the trial in the case before us, the trial court ruled properly.

The supreme court refrained from passing on the "inherent relationship" test in *Mays* and then rejected it in *Dace*. However, although rejecting that test, the *Dace* opinion nevertheless stated:

> "The proof of the offense charged requires proof of the specific intent (*People v. Toolate* (1984), 101 Ill. 2d 301), and the evidence adduced in each case would support a conviction of theft (*People v. Housby* (1981), 84 Ill. 2d 415). We hold that under these circumstances, where the information charged the specific intent to commit theft and the offense of theft was proved by the evidence, refusal to give defendant's tendered instructions was error." *People v. Dace* (1984), 104 Ill. 2d 96, 103.

■■ ■ Here, as in *Dace*, the residential burglary offense charged "requires proof of specific intent" and "the evidence adduced" would clearly "support a conviction of theft." Thus, under the precedent of *Dace*, it would appear that the issue of defendant's guilt of theft should have been submitted to the jury. We need not decide that question, however, because, under the evidence, we find any error in the trial court's ruling was harmless beyond a reasonable doubt due to the overwhelming weight of the evidence of defendant's guilt of residential burglary.

The evidence was undisputed that during the early morning hours of September 5, 1982, someone entered the rural residence of the John Farrar family located near Humboldt in Coles County and removed various items of personal property. The evidence was also undisputed

that defendant had made various oral and written admissions to law enforcement officers that (1) he and another person agreed to go to the Farrar residence, to enter it, to take items of property from the residence and to take those items to Chicago and sell them, and (2) he, with the other's help, did do these things. A law enforcement officer testified that defendant said that he had no authority to either enter the house or to take the items. A written statement introduced into evidence and testified to as bearing defendant's signature stated merely that he "did not have authority to remove or sell any of the items taken." The defendant introduced no evidence of substance.

■ The defense argued at trial that defendant had authority to enter the Farrar residence and thus the unauthorized-entry element of residential burglary was not proved beyond a reasonable doubt. The defense argued that an inference of authority arose from the admitted fact that from mid-January 1982 until mid-May 1982, defendant lived with the Farrars as a foster child. The evidence also showed that during this time he had been permitted to return to the residence and enter late in the evenings. Both Ron Farrar and Marianne Farrar, his wife, testified that no one had authority to enter the residence that evening and take the items which had been removed. Neither testified that defendant did not have authority to merely enter the house. However, no evidence was presented that defendant had ever entered the Farrar house at night after the termination of the foster parent-foster child relationship. Under this undisputed evidence, no reasonable juror could have had a reasonable doubt that defendant had no express or implied authority to enter the Farrar house.

■ Defendant has also complained of the court's requirement that he make restitution to the victims in the sum of $1,235. We do not deem that order to have been a breach of discretion. The defendant was shown to be 17 years old at the time of conviction, was not shown to have dependents and was shown to have some work record. The defendant should be able to make the payment during his period of mandatory supervisory release and if unable to do so then, he could apply for relief under section 5—5—6 of the Unified Code of Corrections. Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—6.

For the reasons stated, the conviction and sentence, including the order of restitution, are affirmed.

Affirmed.

MILLS, P.J., and WEBBER, J., concur.