THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES TAYLOR, Defendant-Appellant.

Second District    No. 83—0963

Opinion filed July 23, 1985.

G. Joseph Weller and Robert Hirschhorn, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STROUSE delivered the opinion of the court:

The defendant, Charles Taylor, appeals from his conviction of home invasion. His sole contention on appeal is that the trial court erred in refusing to instruct the jury on burglary when defendant's theory of defense was that he did not know or have reason to know that anyone was home at the time of the offense.

The defendant was charged by information with the offense of home invasion in violation of section 12—11(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 12—11(a)(2)), arising from the June 22, 1983, assault of Amelia Johnson in her residence. By agreement of the parties, defendant's trial was severed from that of codefendant, Gregory Hill. The cause proceeded to a jury trial, at which the following evidence was adduced.

Defendant and an accomplice, Gregory Hill, broke into the residence of Amelia Johnson in Rockford on June 22, 1983, and stole some property. The State presented numerous witnesses, including the victim and several police officers, who testified to the details of

the offense. That testimony will not be set forth in detail, since the only factual dispute is whether defendant knew or should have known the premises were occupied at the time of the offense.

The victim, Amelia Johnson, lived alone in her two-story residence in Rockford. On June 22, 1983, she went to bed about 10 p.m., after checking the doors and windows and placing two chairs against the front door. She left a lamp on in the living room before going upstairs to bed. This light was a regular lamp, it was not very bright, and it was set on a timer to go off at 12:30 or 1 a.m. Shortly before midnight, Mrs. Johnson woke up and saw that the second floor hall light was now on. Two men, identified as defendant and Gregory Hill, walked into her bedroom, and Hill repeatedly hit her, threatened to kill her, and demanded her money. They left her bedroom, went downstairs and stole a clock, a vacuum cleaner, some coins, some dishes and some meat.

Defendant testified that as he and Hill approached the residence he noticed a light on inside the house. Defendant remained at the side of the residence while Hill went up to the door; Hill then returned, saying that he had knocked five or six times and that no one was inside. Defendant further testified that when they first entered the residence it was "lit up" and he saw drapes on the living room windows, but he figured no one was home.

At the instructions conference, defense counsel submitted a burglary instruction, which was refused. The burglary instruction read: "A person commits the offense of burglary when he, without authority, knowingly enters a building with intent to commit a theft." The State objected to the burglary instruction on the basis that burglary is not a lesser included offense of home invasion. Defense counsel argued the defendant had no reason to know anyone was home and that he committed only a burglary. The court refused the burglary instruction, ruling that burglary is not a lesser included offense of home invasion.

In the closing arguments defense counsel argued to the jury that defendant did not know or have reason to know anyone was inside the residence. The jury returned a verdict of guilty of home invasion. The court entered judgment on the verdict and subsequently sentenced defendant to a 14-year term of imprisonment.

The issue before this court is whether a defendant charged with home invasion, who admits to burglary but denies he knew the burglarized premises were occupied, is entitled to have the jury instructed on the uncharged offense of burglary. The trial judge refused the burglary instruction on the basis that burglary is not a lesser in-

cluded offense of home invasion. The defendant concedes that burglary is not a lesser included offense of home invasion under the more traditional definitions of that concept. See *People v. Pavic* (1982), 104 Ill. App. 3d 436, 448-49.

Defendant instead urges application of an "inherent relationship" test, in which a jury should be instructed on the elements of a lesser offense when the evidence produced at trial could support a conviction for that offense and when there is an inherent relationship between the greater and lesser offenses. Our supreme court recently rejected the inherent relationship test for determining when a defendant is entitled to a lesser offense instruction in *People v. Dace* (1984), 104 Ill. 2d 96. In *Dace*, however, the court did order the jury instructed on the offense of theft. The information in *Dace* charged the defendant with burglary "with intent to commit a theft." Since proof of the offense charged required proof of the specific intent and the evidence would support a conviction of theft, the court found the refusal to instruct on the uncharged offense of theft was error. *People v. Dace* (1984), 104 Ill. 2d 96, 102-03; accord, *People v. Yager* (1984), 128 Ill. App. 3d 702, 704.

In the case at bar, the information charged that "on the 22nd day of June 1983, *** Charles Taylor and Greg Hill committed the offense of home invasion, in that they, without authority and not being a peace officer acting in the line of duty, knowingly entered the dwelling place of Amelia Johnson, *** when having reason to know that one or more persons were present therein, and intentionally caused injury to the said Amelia Johnson while within said dwelling place ***." Section 12—11(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 12—11(a)(2)) states:

> "Sec. 12—11. Home Invasion. (a) A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present and *** [i]ntentionally causes an injury to any person or persons within such dwelling place."

The State's given home invasion instruction read as follows: "A person commits the offense of home invasion when he, not being a police officer acting in the line of duty, without authority, knowingly enters the dwelling place of another when he knows or has reason to know that one or more persons is present, and intentionally causes any injury to any person within the dwelling place." Illinois Pattern Jury Instruction, Criminal, No. 11.21 (2d ed. 1981).

In this case neither the statute, the information nor the instruc-

tion charges a specific intent to commit a burglary as an element of the charge of home invasion. Accordingly, we hold the trial court was correct in refusing to instruct the jury on burglary, and we thereby affirm the conviction for home invasion.

Affirmed.

REINHARD and HOPF, JJ., concur.