THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HECTOR CORDERO, Defendant-Appellant.

Second District   No. 2—91—0674

Opinion filed May 11, 1993.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, Sherry R. Silvern, of Aurora, and David W. Devinger, of Woodstock, for appellant.

David R. Akemann, State's Attorney, of Geneva (William L. Browers, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Hector Cordero, was convicted by a jury of the possession of a stolen vehicle (Ill. Rev. Stat. 1989, ch. 95½, par. 4—103(a)) and resisting a peace officer (Ill. Rev. Stat. 1989, ch. 38, par. 31—1). The trial court sentenced defendant to six years' imprisonment for the stolen vehicle offense. Defendant appeals this conviction, contending that it must be reversed because the State's case was predicated largely on inadmissible hearsay evidence. We affirm.

Officer Todd Eschman, of the Elgin police department, was en route to an unrelated call on February 20, 1990, when he noticed a Mazda RX-7, which was missing a front license plate, turning onto Seneca Street. The driver of the RX-7, defendant, stared at Eschman, so Eschman ran a check on the rear plate, number QA 7781. The dispatcher asked whether the plate was on a silver RX-7, and when Eschman replied affirmatively, the dispatcher advised Eschman that the RX-7 was reported stolen in Chicago. Officer Dennis Hood radioed that he was stopping the vehicle.

Hood was following the RX-7 up Lawrence Street, when it pulled into the driveway at 211 Lawrence. Hood parked his squad car and blocked the driveway. Defendant got out of the RX-7 and began walking towards the house. Hood called to defendant to return to the car. Defendant asked what Hood wanted, and Hood said he would tell defendant if defendant returned to the car. Defendant then went up the stairs to the front porch and ran toward the front door. Defendant yelled for help. Hood ran onto the porch and grabbed defendant before he had a chance to get inside. Hood informed defendant that he was under arrest, but defendant ran down the steps. When Hood grabbed defendant again, defendant whirled and fell into a snowbank. Defendant fought with Hood until Hood subdued him. Other officers arrived and assisted with handcuffing defendant. Eschman arrived at 211 Lawrence when the officers were placing defendant in the squad car.

Hood looked in the RX-7 and noticed it had a temporary key in the ignition and an ignition piece that was not affixed to the steering column. Hood removed the ignition piece and the temporary key. The key was not a standard size automobile key. The ignition on the RX-7 was hollowed out so that the ignition piece fit.

Ellen Massart, a claims representative for State Farm Insurance Company, testified that, because the RX-7 had not been recovered, the insurance company entered into a settlement with its insured for the RX-7 on February 9, 1990. Subsequently, the vehicle was recovered and sold for salvage. Massart further testified that defendant did not have permission to possess the RX-7 on February 20, 1990.

The State introduced into evidence a title certification for the RX-7 which showed that title was transferred to State Farm from a third party on February 12, 1990. Defendant presented no evidence.

Defendant objected to Eschman's and Hood's testimony regarding the dispatch, and the court overruled the objections. Defendant also moved to strike the testimony that the vehicle was reported stolen, on the basis of hearsay, which the court denied. Defendant preserved the

issue in his post-trial motion, which the court also denied. Defendant timely appealed.

■ Defendant contends that it was reversible error for the court to overrule his hearsay objections without a limiting instruction to the jury. That the vehicle was stolen is essential to the charge of the unlawful possession of a stolen vehicle. (See Ill. Rev. Stat. 1989, ch. 95½, par. 4—103(a)(1).) This element may not be proved by inadmissible hearsay. (*People v. Clark* (1982), 108 Ill. App. 3d 1071, 1081.) Hearsay is the in-court testimony of an out-of-court statement offered to prove the truth of the matter asserted. (*People v. Malave* (1992), 230 Ill. App. 3d 556, 560.) A police dispatch that a vehicle was reported stolen constitutes hearsay. *People v. Tucker* (1989), 186 Ill. App. 3d 683, 691.

■ The State responds that the statements were properly admitted to explain the police procedure. A police officer may testify to his or her investigatory procedures without violating the hearsay rule. (*People v. Jones* (1992), 153 Ill. 2d 155, 159-60.) However, if the substance of the matter would go to the very essence of the offense, the testimony is hearsay. *Jones*, 153 Ill. 2d at 160.

■ The State further argues that the testimony was not offered to prove the truth of the matter asserted, but was offered to explain why the police officer arrested defendant. (See *Malave*, 230 Ill. App. 3d at 560-61.) This testimony was relevant to the charge of resisting arrest. However, the testimony also went to the very essence of the stolen vehicle offense, and it is possible that the jury considered the testimony for the truth of the matter asserted. Thus, the court should have given the jury a limiting instruction on the testimony. (See *People v. Furby* (1992), 228 Ill. App. 3d 1, 11.) Although defendant failed to request a limiting instruction, we will not find that defendant waived the issue, as the failure to give such an instruction can be plain error. *Furby*, 228 Ill. App. 3d at 10.

The State argues that any error in this regard was harmless beyond a reasonable doubt. The admission of hearsay is not reversible error if there is no reasonable probability that the jury would have acquitted the defendant if the hearsay testimony had been excluded (*People v. West* (1992), 234 Ill. App. 3d 578, 590), such as where properly admitted evidence proves the same matter (*People v. Songer* (1992), 229 Ill. App. 3d 901, 906), or there is overwhelming evidence of the defendant's guilt (*People v. Rice* (1992), 234 Ill. App. 3d 12, 22). Such is the case here.

Defendant argues that there was no evidence that the vehicle he was driving was the same vehicle as the one listed in the title.

Defendant reasons that without the hearsay testimony, the jury may have found that only the license plates were stolen and then affixed to another RX-7. This argument fails when compared with the totality of the properly admitted evidence.

Defendant stared at Officer Eschman when defendant drove past him. When Officer Hood asked defendant to return to the vehicle, defendant attempted to run into the house. Hood testified that he examined the ignition of the RX-7 and observed that the ignition had been hollowed out. A temporary ignition piece, with a nonstandard key in it, was inserted in the ignition. The State introduced a certified copy of the title to a gray Mazda RX-7, license number QA 7781, which showed that ownership of the car was transferred to State Farm Insurance Company on February 12, 1990. Ellen Massart testified that defendant did not have permission to possess the RX-7 on February 20, 1990. This circumstantial evidence overwhelmingly shows that the RX-7 was stolen when defendant possessed it, and defendant's actions when confronted by the police officers indicate his consciousness of guilt. There is no reasonable probability that the jury would have found that only the license plates were stolen. We therefore conclude that the admission of the testimony without a limiting instruction was harmless beyond a reasonable doubt.

The judgment of the circuit court is affirmed.

Affirmed.

INGLIS, P.J., and UNVERZAGT, J., concur.