Thomas M. Stark, J.
Defendant appeals from a judgment of conviction rendered by the Honorable Hebbebt W. J. Habgbave, a Justice of the Court of Special Sessions of the Town of Islip, on March 1, 1963, after a trial without a jury and the fine of $50 for the offense of speeding in violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law.
After the People presented the evidence in support of the information, they rested. The attorney for the defendant then proceeded to move to dismiss based upon a failure of proof. The Assistant District Attorney then moved to reopen to proceed with his original case. Without the court having made a ruling on either of these motions, testimony by the People’s witness continued over the objection of the attorney for the defendant.
Section 388 of the Code of Criminal Procedure sets forth the suggested order for the presentation of a criminal case. This order is within the discretion of the Trial Judge. (People v. Ferrone, 204 N. Y. 551.) However, subdivision 5 of section 388 states in part “ but the court, for good reason, in furtherance of justice, may permit them to offer evidence upon their original case” (emphasis supplied) at the time ordinarily reserved solely for rebuttal. Absolutely no reason appears in the record of this case. It was, therefore, an abuse of the Trial Judge’s discretion in this matter to permit him to reopen the People’s *1070 case fop further testimony after the People had rested. At the time the People rested, the evidence was insufficient to support a conviction. Whether or not the additional evidence cured this insufficiency is immaterial.
Conviction reversed; fine remitted.