THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRAVIS WHITFIELD, Defendant-Appellant.

First District (6th Division)   No. 1—90—0116

Opinion filed May 3, 1991.—Rehearing denied June 14, 1991.

Michael J. Pelletier and Karen Daniel, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and David Stabrawa, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LaPORTA delivered the opinion of the court:

On November 6, 1989, Travis Whitfield was convicted of possession of a stolen motor vehicle and possession of burglary tools. On appeal he contends: (1) the trial court abused its discretion in permitting the State to reopen its case in chief in order to cure a deficiency in its evidence which defendant pointed out in his motion for a directed finding of not guilty, and (2) defendant's waiver of jury after the State rested its case was not knowing and intelligent where, after the waiver, the trial court permitted the State to reopen its case and introduce highly damaging evidence against defendant which resulted in the court's finding of guilty.

Defendant was arrested October 23, 1988, and charged with possession of a stolen vehicle and possession of burglary tools. Following a bench trial, he was found guilty of both charges and sentenced to 36 months' probation. The following information was adduced at trial.

Illinois State Police Trooper Edward Gonzalez testified that he tried to pull over a black Nissan on Interstate 94 because the car was driving under the speed limit and the license plates on the car were registered to a different vehicle. Gonzalez testified that he pursued the driver and apprehended him after the driver fled the vehicle and a short chase followed. Gonzalez identified defendant as the driver and testified that after defendant was in custody, he recovered a black bag with wire cutters, screwdrivers, vise grips and rug cutter which he saw the defendant discard.

Gonzalez testified that the car was still running when he returned to the car. He testified that there was no key in the ignition but there was a hole in the steering column. Gonzalez testified that he radioed in to the station the vehicle identification number on the car and was told the registered owner, King Nissan in Niles, had reported it stolen.

Illinois State Police Trooper Anthony Richard testified that he inventoried a 1987 Nissan and black bag at the scene where defendant was arrested, noting damage done to the vehicle and items left inside the car. He testified that he found a tube of touch-up paint, two four-way wrenches, five pairs of wire cutters, two pairs of vice grips, a jack, a rug cutter and a screwdriver. He said he found no key at the scene, inside or outside the car.

On cross-examination Richard testified that if he had observed a hole in the steering column, he would have included that in his report. He acknowledged that his report made no mention of a hole in the

steering column. On redirect examination Richard testified that he never looked for a hole in the steering column.

King Nissan general manager Graham Grimes testified that the defendant worked for King Nissan for about a year in 1986. He testified that a 1987 Nissan with a vehicle identification number of JN1CZ14S7HX153047 was stolen from his lot in June 1987. Grimes testified also that a 1985 black Nissan was stolen from King Nissan in July 1986 and that the defendant had been in that car when it was recovered.

On cross-examination Grimes acknowledged that the defendant had been working for the car dealership in 1986 at the time Grimes reported the 1985 Nissan as stolen. On redirect Grimes acknowledged that car porters such as defendant had access to the dealership's key-making machine and that the 1985 Nissan was found with the key inside. On re-cross-examination he admitted that defendant would not have had access to keys or the key-making machine at anytime when the 1987 Nissan was on the dealership's lot.

Illinois State Police Trooper Alex R. Szram testified as an expert witness in the field of auto theft investigation. He identified four ways to start a Nissan without the key, including using a screwdriver in the steering column. On cross-examination Szram testified that he had never seen the car involved in this investigation. On redirect examination he testified that Trooper Gonzalez phoned him the morning of defendant's arrest to discuss ways a Nissan could be started without the key. He testified that a vice grip could be used to enter the car and wire cutters used to splice wires together to start a car. On re-cross-examination he testified that Gonzalez told him two other cars were stolen from King Nissan the same week and later recovered by police.

Chicago police officer Stephen Shoup testified that in December 1986 while investigating allegations that the defendant possessed a stolen 1985 black Nissan from King Nissan in Niles, he found the Nissan near defendant's home with license plates on it registered to defendant's 1987 Toyota. Shoup testified that he saw defendant exit his home, enter the car with a key and drive away. Shoup testified that he followed defendant and that defendant pulled over and stepped out of the car. Shoup testified that he asked defendant if they could speak together but defendant said "No, that's OK" and ran away. Shoup testified that defendant was later arrested for possession of a stolen motor vehicle.

The parties stipulated that Grimes will testify "that the vehicle in question, specifically a 1987 black Nissan Datson [*sic*], vehicle identifi-

cation number JN1CZ145HX153047 [*sic*], was owned by that company, Nissan Datson [*sic*] after it was reported stolen. He would testify that their insurance carrier was Traveler's Insurance Company, and he would testify that on the 23rd of October at the time that the vehicle was recovered after the defendant, Travis Whitfield, was placed under arrest, the title had been transferred on that vehicle to Traveler's Insurance." The parties further stipulated that Traveler's never gave defendant permission to use the vehicle and that the incident occurred in Chicago, Illinois. No written stipulation was entered into evidence.

The State rested its case, and the court granted defendant's waiver of his jury right over the State's objection. The defense moved for a directed verdict on the ground that the State failed to prove beyond a reasonable doubt that the car defendant was apprehended with was the car stolen from King Nissan. The defense tendered a copy of *People v. Hope* (1979), 69 Ill. App. 3d 375, 387 N.E.2d 795, to the court and argued that in that case the court directed a verdict for defendant after the State failed to establish that the car driven by the defendant was also the car reported stolen by the dealership involved.

The State argued that it had sufficiently connected the stolen car to the car found in defendant's possession because Gonzalez testified that he ran the vehicle identification number on the car at the scene and found it registered to the Nissan dealership. In response the defense argued that the facts in Hope were very similar and the court still found the identification insufficient.

The court recalled and dismissed the jury and then took the directed verdict motion under advisement. When court reconvened, the court noted that the court reporter was not available to determine exactly what the parties had stipulated to with regard to the vehicle identification number of the car recovered. The State was allowed to reopen its case over defense objections, and Gonzalez returned to testify as to the actual vehicle identification number on the car recovered from defendant.

After Trooper Gonzalez testified to match the vehicle number on the 1987 Nissan found with defendant to the 1987 Nissan stolen from the King Nissan, the defense moved for a directed verdict on the charge of possession of burglary tools. The defense argued that the State had failed to show defendant had the intent to break into a vehicle or commit a felony or theft. The defense argued that no evidence or testimony was brought forth that would prove the tools were used to break into or start the car. The State responded that Gonzalez had testified he found a hole in the steering column and the car running despite the lack of a key.

The trial court denied motions for a directed verdict on both the possession of burglary tools and the possession of a stolen motor vehicle. The defense rested without presenting evidence and waived its closing argument. The State made closing argument, and the court then ruled, finding defendant guilty of both charges. Defendant was sentenced to 36 months' probation on the two charges to be served concurrently with the first six months served in the Cook County Department of Corrections.

On appeal defendant contends that the State, in its case in chief, failed to prove him guilty beyond a reasonable doubt of both the possession of a stolen motor vehicle charge and possession of burglary tools.

First, defendant contends that the properly admitted evidence, *i.e.*, the evidence admitted before the court permitted the State to reopen its case, failed to establish that the car defendant possessed was stolen. Defendant argues that the State's evidence failed to give any information that would uniquely identify the car he possessed as the one stolen from King Nissan. Instead the arresting officer stated only that he observed the vehicle identification number, called the police station and learned the car was owned by King Nissan and had been reported stolen. Defendant contends that the stipulation entered into at trial was done to obviate the necessity of testimony of an insurance company representative, establishing only that the car title was transferred to the insurance company after it was stolen from King Nissan. Defendant concludes that testimony from an insurance agent or the general manager of the Nissan dealership would be hearsay because he would have no personal knowledge about the vehicle defendant was driving.

Defendant cites *People v. Hope* (1979), 69 Ill. App. 3d 375, 387 N.E.2d 795, where Hope contended he was not proven guilty beyond a reasonable doubt on theft and possession of stolen motor vehicle charges because the State failed to prove the car he was driving at the time of his arrest was the same car reported stolen by Nortown Oldsmobile dealership. At Hope's trial the arresting officer testified he had his partner run a check on the plates on defendant's car and found they did not match. A check of the vehicle identification number showed the car was stolen and the officer testified that he was later "informed that the vehicle was owned by Nortown Oldsmobile." An assistant general manager from the dealership testified that he checked the vehicle identification number on the car which was returned by police and discovered that it was indeed a car stolen from the dealership.

In reversing Hope's conviction, the appellate court held that the State failed to prove defendant's guilt beyond a reasonable doubt because it failed to establish that the automobile missing from Nortown was in fact the car found to be in defendant's possession. The court noted that the State failed to admit evidence of the car's vehicle identification number though it was available. It found the State had presented no testimony of the chain of custody of the car to indicate the car defendant was arrested in was the car later returned to the dealership. It found the State's evidence lacked the vital link necessary to conclusively establish the automobile driven by defendant at the time of his arrest was owned by Nortown. *Hope*, 69 Ill. App. 3d at 380-81, 387 N.E.2d at 799.

Defendant cites *People v. Stone* (1979), 75 Ill. App. 3d 571, 394 N.E.2d 810, which reversed defendant's conviction for theft over $150 because the State's evidence failed to include evidence that the car defendant was found with had the same vehicle identification number as the car reported stolen by the complainant. The court found this evidence insufficient despite testimony by the owner of the car of the year, make, model and color of the stolen car and testimony by the officer of the color of the vehicle he recovered from defendant. *Stone*, 75 Ill. App. 3d 571, 394 N.E.2d 810.

Defendant cites *People v. Fernandez* (1990), 204 Ill. App. 3d 105, 109, 561 N.E.2d 1131, where the appellate court reversed a conviction for possession of a stolen automobile after the State "inadvertently omitted" proof that the car set forth in the indictment was the one in defendant's possession. The court in *Fernandez* stated that the State need not prove specific ownership of the vehicle, but only that someone other than defendant had a superior interest in the property, whether established by fact or circumstantial evidence reasonably inferred. *Fernandez*, 204 Ill. App. 3d at 109.

The State contends that the evidence proved defendant guilty beyond a reasonable doubt because trial testimony showed defendant was in unauthorized possession of a car which the arresting officer identified as a stolen car and which defendant did not have permission to possess. The State argues that defendant's criminal intent was shown through the officer's testimony of defendant's attempt to flee, his previous possession of a stolen car from the same dealership, testimony of the hole in the steering column and the fact that the vehicle was found running without a key.

■ Section 4—103 of the Illinois Vehicle Code provides that: "It is a violation of this Chapter for: (1) A person not entitled to the possession of a vehicle to *** possess *** it, knowing it to have been

stolen or converted \*\*\*. It may be inferred \*\*\* that a person exercising exclusive unexplained possession over a stolen or converted vehicle \*\*\* has knowledge that such vehicle \*\*\* is stolen or converted \*\*\*." Ill. Rev. Stat. 1987, ch. 95½, par. 4—103(a)(1).

▪ Sufficient proof of intent to possess a stolen motor vehicle can be found in witness testimony that defendant drove a stolen vehicle down an alley, crashed it and then fled. (*People v. Gentry* (1989), 192 Ill. App. 3d 774, 778, 549 N.E.2d 609.) Defendant's knowledge may be established by proof of circumstances that would cause a reasonable person to believe property had been stolen. (*People v. Williams* (1976), 44 Ill. App. 3d 143, 147, 358 N.E.2d 58.) Where possession has been shown, an inference of defendant's knowledge can be drawn from the surrounding facts and circumstances. (*People v. Johnson* (1978), 64 Ill. App. 3d 1018, 1021, 382 N.E.2d 85, 87.) Evidence of flight may be considered to infer the defendant's knowledge that the vehicle was stolen. *People v. Tucker* (1989), 186 Ill. App. 3d 683, 694, 542 N.E.2d 804, 812.

The State distinguishes *Hope,* noting that the court in *Hope* required proof of the vehicle identification number only because the State's evidence did not include proof of ownership by the victim, chain of custody testimony or testimony to confirm if and when the victim's car was returned by police. The State contends that here testimony by the car dealership general manager and the stipulation entered into adequately provided a chain of custody and proof of ownership.

The State distinguishes *Stone,* noting that in that case the officer testified that he ran a check on the license plate of the car involved and found that it was registered to someone named "Sasek" but the testimony did not specify "which Sasek, and from where." The State argues that here, the true owner of the stolen automobile was identified both through the stipulation and testimony.

▪ A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267.) A reviewing court must view the evidence in the light most favorable to the prosecution. (*People v. Young* (1989), 128 Ill. 2d 1, 49, 538 N.E.2d 453.) To prove defendant guilty of possession of a stolen motor vehicle, the State must prove beyond a reasonable doubt that defendant possessed a motor vehicle, that the vehicle was stolen and that defendant knew the vehicle was stolen. *People v. Tucker* (1989), 186 Ill. App. 3d 683, 694-95, 542 N.E.2d 804.

■ We believe the State's evidence proved defendant guilty beyond a reasonable doubt. Gonzalez testified that he tried to stop defendant's car when he observed that the license plate did not match the car but that defendant fled first in the car and then on foot. Evidence of defendant's intent can also be inferred from his flight from police, his prior possession of a stolen motor vehicle and by his possession of the stolen motor vehicle with which Gonzalez found him. Evidence that the vehicle was stolen came from Gonzalez' testimony that his check of the car's vehicle identification number disclosed the car was stolen from King Nissan. The general manager of the dealership testified that the car was owned by and stolen from the dealership.

This case is distinguishable from *Fernandez, Hope,* and *Stone.* In *Fernandez,* the parties stipulated that if the owner of the car were to testify, she would testify that the car was stolen and that she had not given defendant permission to drive her 1984 red Mazda RX7 with a specific vehicle identification number. The only testimony presented in the Fernandez trial came from a woman who phoned police after she discovered that the person she was renting a space to in her garage was dismantling a red Mazda there. *Fernandez,* 204 Ill. App. 3d at 109.

In *Hope,* the State's evidence failed to establish whether Nortown Oldsmobile recovered its stolen automobile before or after defendant's arrest. The State's evidence failed to establish a chain of custody for the car found in defendant's possession which would prove it belonged to and was returned to Nortown. (*Hope,* 69 Ill. App. 3d at 380, 387 N.E.2d at 799.) In *Stone,* the police officer who arrested defendant testified only to the color of the car defendant was in possession of when arrested and to the name of the person who held the car's title. *Stone,* 75 Ill. App. 3d at 573-74, 394 N.E.2d at 812.

In our case, Gonzalez testified that he checked the vehicle identification number on the car defendant was found in and discovered it was reported stolen by King Nissan. Gonzalez identified the make and model of the car and testified that the license plates on the car did not match the car defendant possessed. In addition, Gonzalez' testimony provided chain of custody evidence from which a proper inference of identification could be drawn that defendant was in possession of a stolen motor vehicle. The stipulation entered into by the parties indicated the day the car was returned to King Nissan was subsequent to the day defendant was arrested. We find the evidence established defendant's guilt beyond a reasonable doubt.

Defendant also contends that the trial court erred when it failed to direct a verdict in his favor on the charge of possession of burglary tools. Defendant contends that there was no evidence that the common tools were altered, adapted or used for criminal purposes. Defendant argues that the State presented no evidence of defendant's intent to commit a felony or theft with the tools as required by State statute. Ill. Rev. Stat. 1987, ch. 38, par. 19—2(a).

■ The defendant's intent is the controlling factor in a possession of burglary tools charge when the tools in question could be used for innocent purposes as well as illegal purposes. (*People v. Spencer* (1973), 10 Ill. App. 3d 229, 233, 294 N.E.2d 17, 19.) Defendant cites *People v. Bibbs* (1978), 60 Ill. App. 3d 878, 881, 377 N.E.2d 559, where the court reversed a conviction for possession of burglary tools when the defendant's employment justified use of the tools and the State presented insufficient evidence of felonious intent.

The State contends that the evidence established defendant's felonious intent through testimony about defendant's previous possession of a stolen automobile, his flight from police and the fact that the defendant threw the bag of tools away while running. Defendant offered no defense at trial.

■ Defendant's intent must be determined in light of the testimony before the trier of fact. Defendant presented no evidence of his intent; however, the State's evidence included Gonzalez' testimony of defendant's flight from the scene with the bag of tools in hand and the hole found in the steering column of the car, which was found running without a key. The State's expert witness Shoup testified that the tools defendant had with him could have been used to open and then start the stolen car without a key.

We find the State has met its burden of proof on the possession of the burglary tools charge.

Defendant also argues on appeal that the trial court committed a gross abuse of discretion when it permitted the State to reopen its case and recall Gonzalez. Defendant reasons that he had no duty to assist the State by alerting it to possible gaps in its evidence. Defendant argues that no competent defense attorney would ever move for a directed finding if he knew the State would then be permitted to present further evidence to cure the precise deficiency pointed out in the motion.

■ Defendant cites to State statute which provides: "When, at the close of the State's evidence or at the close of all the evidence, the evidence is insufficient to support a finding or verdict of guilty the court may and on motion of the defendant shall make a finding or

direct the jury to return a verdict of not guilty, enter a judgment of acquittal and discharge the defendant." Ill. Rev. Stat. 1989, ch. 38, par. 115—4(k).

Defendant cites *People v. Robbins* (1974), 21 Ill. App. 3d 317, 320, 315 N.E.2d 198, 201, which found no error when the State was permitted to reopen its case to admit exhibits into evidence. The court stated that admitting exhibits was a formal matter and such a move could not have taken the defendant by surprise. (*Robbins*, 21 Ill. App. 3d at 320; see *People v. Cross* (1968), 40 Ill. 2d 85, 237 N.E.2d 437 (trial court properly permitted State to reopen its case to admit evidence of building ownership at a burglary trial).) Defendant cites to *People v. Woolsey* (1990), 139 Ill. 2d 157, where the supreme court found the trial court erred in entering *nolle prosequi* on the State's motion before it ruled on defendant's motion to dismiss for speedy trial grounds.

Defendant cites *State v. Allen* (1987), 205 Conn. 370, 533 A.2d 559, which held that the trial court abused its discretion when it permitted the State to reopen its case against defendant, who was charged with carrying a weapon in a motor vehicle. Evidence introduced after the State was allowed to reopen its case established the length of the barrel of the gun, which was required to establish that defendant was carrying a "weapon." The court held: "when the State has failed to make out a *prima facie* case because insufficient evidence has been introduced concerning an essential element of a crime and the defendant has specifically identified this evidentiary gap in a motion for judgment of acquittal, it is an abuse of the trial court's discretion to permit a reopening of the case to supply the missing evidence." *State v. Allen*, 205 Conn. at 385, 533 A.2d at 566.

Defendant also cites *State v. Collier* (La. Ct. App. 1983), 438 So. 2d 652, which held the trial court erred when it permitted the State to reopen its case against defendant who was charged with letting his dog "run at large" in a dedicated or recorded subdivision with 20 units in a ½-mile radius. The court held that the State failed to present any evidence that defendant in fact lived in a dedicated or recorded subdivision.

Defendant cites California and New York cases with similar holdings. *People v. Belton* (1979), 23 Cal. 3d 516, 591 P.2d 485, 153 Cal. Rptr. 195 (trial court erred in permitting the State to reopen its case to permit required corroborating evidence of accomplice testimony); *People v. Creazzo* (1963), 39 Misc. 2d 1069, 242 N.Y.S.2d 530 (trial court erred in permitting State to reopen its case when it failed to

state on the record "good reason" for reopening as required by statute).

The State counters that trial court did not err in reopening the State's case where the additional evidence merely verified and repeated evidence already offered. The State argues that the court can permit the State to reopen its case where it has inadvertently omitted certain mere formalities of proof. The State argues that the initial testimony showed adequate proof of ownership based on Gonzalez' testimony that the license plate did not match the car and that the vehicle identification number on the car matched the number on a stolen car, Grimes' testimony that the dealership reported a car stolen with the same vehicle identification number and the stipulation entered into which specified the date of recovery of the automobile as the day of defendant's arrest.

The State cites *People v. Faulkner* (1978), 64 Ill. App. 3d 453, 457, 381 N.E.2d 321, 324, where the court held that there is no *per se* rule prohibiting a court from permitting the State to reopen its case once the defendant has moved for a directed verdict. The State cites *People v. Price* (1972), 8 Ill. App. 3d 158, 160, 289 N.E.2d 280, 282, where the trial court properly permitted the State to reopen its case in chief after the defense argued on a motion for a directed verdict that State evidence failed to establish the three elements necessary for an obscenity conviction.

The State cites *People v. Rose* (1970), 124 Ill. App. 2d 447, 452, 259 N.E.2d 393, 396, where the trial court properly permitted the State to reopen its rebuttal evidence to introduce authenticated copies of the defendant's three prior convictions. The State cites *In re J.B.* (1983), 120 Ill. App. 3d 155, 158, 457 N.E.2d 983, 985, where the trial court properly permitted the State to reopen its case after it pointed out that the State had failed to prove the victim had died and that the respondent was the one who confessed to the crime. On appeal the court stated that a court, in its discretion, may allow the State to reopen its case not only for the purpose of proving formalities but also to establish the very facts necessary for conviction. *In re J.B.*, 120 Ill. App. 3d at 160.

The State cites *People v. Davis* (1969), 118 Ill. App. 2d 93, 98, 254 N.E.2d 610, 612, where the court found no error when a trial court permitted the State to reopen its case and establish as a "formality" the ownership of a grocery partnership from which defendant allegedly stole items and money. The State cites *People v. Baer* (1974), 19 Ill. App. 3d 346, 349, 311 N.E.2d 418, 421, where the court found no abuse when the trial court permitted the State to reopen its case to

introduce evidence that Jewel Companies, Inc., owned the grocery where defendant had allegedly committed a theft. The court held that defendant could not have been surprised or unfairly prejudiced by reopening the case and introducing this evidence. *Baer*, 19 Ill. App. 3d at 349.

Here, Gonzalez' testimony reciting the vehicle identification number was a mere formality in the presentation of the State's case. During the State's case in chief the jury heard evidence from Grimes of the vehicle identification number of the car stolen from King Nissan. The stipulation entered into at the end of the State's case included the vehicle identification number of the "subject car." We find that the trial court acted within its discretion in permitting the State to reopen its case.

Finally, the defendant contends that his jury waiver was not knowing and intelligent since it was tendered before the State was permitted to reopen its case. Defendant argues that his jury waiver was not knowingly given because it was premised on the State having rested its case. He argues that his waiver was based on the quantum of proof before the court at that time and that he could not have foreseen, in response to his motion for a directed finding, that the court would allow the State to reopen its case.

We have found that the evidence before the court prior to the motion and the reopening for additional proof was sufficient to support a finding of defendant's guilt on both charges. For that reason the defendant's contention with respect to whether or not his jury waiver was a knowing and intelligent relinquishment of a right does not alter our result here.

Defendant cites *People v. Norris* (1978), 62 Ill. App. 3d 228, 379 N.E.2d 80, where, after opening statements, the trial court permitted the State to add five additional witnesses to its witness list, including previous unknown witnesses to the crime. (*Norris*, 62 Ill. App. 3d at 229.) The appellate court found that defendant's jury waiver was not knowing and intelligent because at the time defendant waived his right to a jury trial, he was unaware of the most damaging evidence against him: eyewitnesses to the shooting. *Norris*, 62 Ill. App. 3d at 232.

The State distinguishes *Norris* on its facts, saying that in that case, new witnesses were brought forth who could testify they saw defendant pull a gun and shoot the victim. The State argues that here the State presented no new evidence, witnesses or issues but only testimony which corroborated testimony and evidence already admitted.

The State argues that defendant unambiguously chose a bench trial after being fully advised of his rights.

■■ The State argues that the defendant cannot waive a jury based on a contention that he was unaware a State witness intended to testify about particular facts. (*People v. Guest* (1986), 115 Ill. 2d 72, 89-90, 503 N.E.2d 255, 262-63.) The right to a jury trial is a constitutional right of the highest importance. (*People v. Pruitte* (1984), 125 Ill. App. 3d 580, 586, 466 N.E.2d 341, 346.) The trial court bears the responsibility for ensuring that any waiver of this right is expressly and knowingly made and is not perfunctorily discharged. *People v. Sebag* (1982), 110 Ill. App. 3d 821, 828, 443 N.E.2d 25, 30.

■■ A valid jury waiver must be "knowingly and understandingly made" and based on the facts of each case. (*People v. Frey* (1984), 103 Ill. 2d 327, 332, 469 N.E.2d 195, 197.) A waiver will not be found invalid where defendant unambiguously chooses a bench trial unless some prejudice is alleged and proven. *People v. Crespo* (1983), 118 Ill. App. 3d 815, 819-20, 455 N.E.2d 854, 858.

■■ Here defense strategy was to place the issue before the trial court and seek a ruling as a matter of law. Defendant had no guarantee of success in such a ruling and reliance on erroneous trial strategy does not invalidate a knowing and intelligent jury waiver. *People v. Houston* (1986), 151 Ill. App. 3d 102, 114, 502 N.E.2d 1111, 1119.

■■ Here the additional evidence provided by Gonzalez' testimony cannot be compared to the eyewitnesses to a murder who were added as new witnesses in *Norris*. The information Gonzalez testified to after the State's case was reopened was also included in his police report which was used to refresh his recollection in the State's case in chief. We find the defendant knowingly and intelligently waived his right to a jury trial.

For the foregoing reasons, we affirm the defendant's conviction for possession of a stolen motor vehicle and possession of burglary tools.

Judgment affirmed.

RAKOWSKI, P.J., and McNAMARA, J., concur.