THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HENRY SMITH, Defendant-Appellant.

First District (5th Division)   No. 1—90—0812

Opinion filed March 6, 1992.

Randolph N. Stone, Public Defender, of Chicago (Michael Davidson and Vicki Rogers, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Brian Clauss, and Roseanne McDonnell, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

Following a trial without a jury, defendant Henry Smith was found guilty of possession of a stolen motor vehicle. The court sentenced defendant to a prison term of five years. On appeal, defendant contends that the State failed to prove him guilty beyond a reasonable doubt because it did not prove that defendant was ever actually in the stolen car or that the car defendant was in was owned by the complaining witness.

At trial, Lucille Morgan testified that on November 28, 1987, she owned a 1980 Buick, VIN number 4M47WAH151913. At 8:30 p.m., she gave her son the keys to the car and permission to use the car. She did not give defendant permission to borrow, use or take possession of the vehicle. She did not know that it had been stolen. A police officer telephoned at 3 a.m. to inform her that the car had been stolen and recovered. She inspected the car at the police station and found that the steering column had been peeled.

Officer John Randle testified that on November 28, 1987, at 1:50 a.m., he was in a patrol car when he observed a two-door 1980 Buick traveling toward him, heading the wrong way down a one-way street.

He attempted to curb the car. The car stopped half a car length from Randle. "We pulled up to each other."

Three occupants, including defendant, immediately exited from the car. Defendant was seated in the driver's seat and exited through the driver's door. The other two men exited from the passenger's door. Randle chased and caught defendant after about 30 feet. He did not lose sight of him from the time he fled the car until he apprehended him. There was good lighting due to streetlights. The closest streetlight was 40 or 50 feet away. Randle observed that the steering column of the car was peeled away.

Defendant testified that on November 28, 1987, at 1:50 a.m. he was in a car with Cottrell and another friend. Cottrell was driving, and defendant sat behind him, in the back seat. They were stopped by the police. Defendant exited from the car after Cottrell, but he did not run from the police. Defendant denied ever driving the Buick. He did not notice that the steering column had been peeled.

Officer Francis Sutter testified for the State on rebuttal that on November 28, 1987, at 1:50 a.m., he was on routine patrol with his partner when he turned down a one-way street, saw another patrol car in front of him and a Buick coming toward them. Sutter saw the other squad car and the Buick stop. Defendant "came running across the sidewalk," from the direction of the Buick. He did not see defendant exit the vehicle. Sutter and Randle chased defendant and caught him 20 or 30 feet from the Buick. Streetlights lit the area surrounding the vehicle. The closest streetlight to the vehicle was 15 to 20 feet away.

The police arrest report signed by Randle states that on November 28, 1987, at 1:50 a.m., he "observed [defendant] driving" a car westbound on an eastbound street without headlights. When the officer tried to stop them, the occupants pulled over and fled on foot. The officer chased and caught defendant and a second man. The vehicle's steering column was peeled. The officer checked with the vehicle's owner, "who stated no permission given to [defendant] to operate her veh[icle]." The report describes the vehicle as a 1977 Buick with State license number LHM8. The complainant is listed as Lucille H. Morgan.

The felony complaint lists Lucille H. Morgan as the complainant, and stated that defendant was unlawfully in "possession of a vehicle, to wit: 1980 Buick Coupe 2 Dr., VIN 4M47WAH151913, IL Reg # LHM 8." The felony information contains similar information.

The court found defendant guilty, stating that it found "the testimony of Officer Randle to be credible, that he did, in fact, see the

defendant exit from the driver's position of that vehicle" and that "he never lost sight of the defendant."

OPINION

■ Defendant contends that the State failed to prove him guilty beyond a reasonable doubt. On appeal, we must reject a challenge to the sufficiency of the evidence and affirm the conviction if, when viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Young* (1989), 128 Ill. 2d 1, 49, 538 N.E.2d 453.) In order to establish possession of a stolen motor vehicle, the State must prove that defendant was in possession of a motor vehicle, that the motor vehicle was stolen, and that defendant knew it was stolen. Ill. Rev. Stat. 1989, ch. 95½, par. 4—103; *People v. Whitfield* (1991), 214 Ill. App. 3d 446, 573 N.E.2d 1267.

■ The testimony of Officers Randle and Sutter, which the trial court found to be credible and which is not challenged by defendant, establishes that defendant was in possession of a motor vehicle. Randle observed defendant exit from the driver's seat, and both officers chased defendant for 20 to 30 feet and apprehended him. Randle never lost sight of defendant from the time he exited the car until he apprehended defendant.

The State also established that defendant knew that the motor vehicle he was driving was stolen. There is an inference that a person exercising exclusive and unexplained possession of a stolen vehicle has knowledge that the vehicle is stolen. (Ill. Rev. Stat. 1989, ch. 95½, par. 4—103; *People v. Abdullah* (1991), 220 Ill. App. 3d 687, 690, 581 N.E.2d 67.) The question of knowledge is a question of fact to be resolved by the trier of fact. (*People v. Abdullah*, 220 Ill. App. 3d 687, 581 N.E.2d 67.) The question of a witness' credibility and the weight to be given the evidence are also matters within the province of the trier of fact. *People v. Ambrose* (1988), 171 Ill. App. 3d 87, 91, 525 N.E.2d 536.

Here, the police observed at the scene, immediately after apprehending defendant, that the steering column had been peeled. (See *People v. Abdullah*, 220 Ill. App. 3d at 691 (element of knowledge can be properly inferred from the condition of the vehicle, including peeled steering column); *People v. Ferguson* (1990), 204 Ill. App. 3d 146, 152, 561 N.E.2d 1118.) A defendant cannot "ignore the obvious and then assert his ignorance as a defense." (*People v. Williams* (1976), 44 Ill. App. 3d 143, 147, 358 N.E.2d 58.) Moreover, flight from

the stolen motor vehicle is evidence tending to show that defendant knew the vehicle was stolen. *People v. Whitfield*, 214 Ill. App. 3d 446, 573 N.E.2d 1267 (attempt to flee and peeled steering column show knowledge); *People v. Wehrwein* (1989), 190 Ill. App. 3d 35, 545 N.E.2d 1005 (police officer saw defendant driving stolen vehicle, defendant abandoned vehicle on side of road when police began to follow him, and vehicle was tampered with and had parts missing); *People v. Kennedy* (1989), 191 Ill. App. 3d 86, 547 N.E.2d 634 (officers testified that they saw defendant driving stolen vehicle, chased defendant when he fled on foot, and caught him within one or two blocks).

Defendant maintains that the State failed to prove that the Buick had been stolen. Evidence that the vehicle was stolen came from the police officer's testimony that his check of the car's vehicle identification number disclosed that the car belonged to Morgan. Morgan testified that the car was owned by her and that she had not given defendant permission to drive it. See *People v. Whitfield*, 214 Ill. App. 3d 446, 573 N.E.2d 1267.

Defendant argues that the record is silent as to whether Morgan's son was involved in stripping the steering column and whether Morgan's son knew defendant or the other two men in the car. Morgan testified that the only person to whom she gave permission to use the car was her son, to whom she had given the keys to the car. The trier of fact was not required to believe the unreasonable scenario that Morgan's son stripped the steering column in order to start the car, when he had been given keys to the car and permission to use it. *Cf. People v. Gordon* (1990), 204 Ill. App. 3d 123, 561 N.E.2d 1164 (conviction for possession of stolen motor vehicle reversed where owner testified that he was very close to one of the passengers in the car which defendant was driving, and that if he had known the passenger had his car, he would not have reported it stolen; defendant drove the car in broad daylight in a public area where the car was known; the keys were in the ignition; defendant made no attempt to flee when stopped by the police; and evidence revealed that defendant had ridden with the same passenger in that car on at least one previous occasion); *In re T.A.B.* (1989), 181 Ill. App. 3d 581, 537 N.E.2d 419 (conviction for possession of stolen motor vehicle reversed where evidence merely revealed that defendant took his foster father's car without permission and drove it around in a joyriding escapade).

■ Defendant also contends that the State failed to prove beyond a reasonable doubt that defendant was in a car owned by Morgan. Morgan testified she owned a 1980 Buick with a VIN of

4M47WAH151913. She did not testify as to the color or specific make of Buick, or whether it was two-door or four-door model. Randle testified it was "about" a 1980 two-door Buick, but he did not recall the car owner's name, the car's color or its VIN. Defendant argues: "This scant evidence is insufficient to establish a necessary link between the two vehicles."

It is not necessary to prove ownership of a stolen vehicle. (*People v. Whitfield*, 214 Ill. App. 3d 446, 573 N.E.2d 1267; *People v. Fernandez* (1990), 204 Ill. App. 3d 105, 561 N.E.2d 1131; *People v. Tucker* (1989), 186 Ill. App. 3d 683, 694-95, 542 N.E.2d 804.) However, there must be proof that someone other than defendant had a superior interest in the car identified in the indictment. (*People v. Fernandez*, 204 Ill. App. 3d 105, 561 N.E.2d 1131; *People v. Tucker*, 186 Ill. App. 3d at 691-92.) When evidence of ownership is used to show the car was stolen, there must be evidence that defendant possessed the same vehicle which was owned by complainant. (*People v. Fernandez*, 204 Ill. App. 3d at 108-09; *People v. Tucker*, 186 Ill. App. 3d at 694-95.) In lieu of proof of ownership, chain of custody evidence, linking the recovered car to the car named in the indictment, may form the basis of a proper inference of identification. *People v. Fernandez*, 204 Ill. App. 3d 105, 561 N.E.2d 1131.

Here, the police recovered a 1980 Buick which was in defendant's possession. Several hours later, Morgan identified the recovered car at the police station. The police report and the criminal information list the same license plate number for the Buick; and the criminal information and Morgan's testimony include the same VIN for the Buick. Several hours after the police recovered the car, Morgan came to the police station and the car was released to her. This evidence is sufficient to establish a chain of custody showing that the car from which defendant fled was the same car listed in the indictment. See *People v. Whitfield*, 214 Ill. App. 3d 446, 573 N.E.2d 1267 (identification sufficiently established with evidence that recovered car with certain VIN matched VIN of car stolen from owner, and police officer's testimony provided chain of custody evidence where car he apprehended defendant in was returned to owner later that day); *People v. Balthazar* (1989), 187 Ill. App. 3d 964, 968, 543 N.E.2d 994 (identification sufficiently established with evidence of chain of custody that the Monte Carlo from which defendant fled was the Monte Carlo released to the car's owner at the police station shortly thereafter).

Defendant relies on *People v. Fernandez*, where the court reversed a conviction for possession of a stolen motor vehicle because the State failed to prove that the car named in the indictment was the

car in defendant's possession. The parties stipulated that the complainant would testify only that she owned a 1984 Mazda with a particular VIN. The indictment only listed a 1984 Mazda owned by complainant. The only other evidence was the testimony of a woman who stated that she saw a red Mazda RX7 in her garage, which she had rented, being stripped of its parts by defendant and others. However, in *Fernandez*, unlike the present case, the complainant never testified that the recovered car belonged to her. No evidence in the record established that the red Mazda defendant possessed and the red Mazda named in the indictment were the same. Absent either proof of ownership, or a chain of custody showing that someone other than defendant had a superior interest in the car, the "identification evidence was too tenuous to support defendant's conviction for possession of a stolen motor vehicle." *People v. Fernandez*, 204 Ill. App. 3d at 109.

Defendant also relies on *People v. Hope* (1979), 69 Ill. App. 3d 375, 387 N.E.2d 795, where the court reversed a conviction for possession of a stolen motor vehicle because the testimony showed only that a 1976 white Oldsmobile 98 was reported stolen and defendant was arrested in a 1976 white Oldsmobile 98. There was no evidence of certificate of title to show ownership or that the car bore the same VIN as the recovered car or a chain of custody showing the recovered car was returned to and accepted by the owner. It was not even clear whether the owner recovered his car prior to the date on which defendant was apprehended in possession of a stolen car. *People v. Hope*, 69 Ill. App. 3d at 380.

In viewing the evidence in a light most favorable to the State, we find that any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. We will not overturn the conviction.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNULTY, P.J., and LORENZ, J., concur.